UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

ARTURO OSVALDO DURAN,

   *Plaintiff*,

**v.**                                                                              CASE NO.  SA-25-CV-01491-JKP

JUDICIAL OFFICER  HONORABLE
CHRISTINE DEL PRADO,
INDIVIDUAL, POLICE OFFICER
&#035  ADAM H. LEE, INDIVIDUAL,
SAN ANTONIO; ATTORNEY AT
LAW  JOE STENBERG, INDIVIDUAL,
MAGISTRATE  CELESTE MARIE
RAMIREZ, INDIVIDUAL, BEXAR
COUNTY; AND  WILLIAM
MCMANUS, INDIVIDUAL,

   *Defendants*.

### ORDER ACCEPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is Magistrate Judge Elizabeth Chestney's Report and Recommendation addressing Plaintiff Arturo Osvaldo Duran's Application to Proceed Without Prepaying Fees or Costs Motion to Appoint Counsel. *ECF Nos. 1,2,4*. Duran objected to the Report and Recommendation. ECF No. 8. After examination of the record pertinent to the construed objections to the Report and Recommendation and independent analysis of the applicable facts and assessment of the law, the Court **ACCEPTS and ADOPTS** Magistrate Judge Chestney's Report and Recommendation. Accordingly, Duran's Motion for Appointment of Counsel is **DENIED**.

1

**Legal Standard**

When a party objects to a Report and Recommendation this Court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *Longmire v. Guste*, 921 F.2d 620, 623 (5th Cir. 1991). In conducting a *de novo* review, the Court will examine the record pertinent to the objections and must conduct its own analysis of the applicable facts and make an independent assessment of the law. This Court is not required to give any deference to the magistrate judge's findings. *Id.; Johnson v. Sw. Research Inst.*, 210 F. Supp.3d 863, 864 (W.D. Tex. 2016).

The Court will not conduct a *de novo* review pertaining to any objections that are frivolous, conclusive, or general in nature. *Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). The Court will review those portions of the Report and Recommendation that are not objected to for determination whether the findings and conclusion are clearly erroneous or contrary to law.[1] 28 U.S.C. § 636(b)(1)(C); *United States v. Wilson,* 864 F.2d 1219, 1221 (5th Cir.), *cert. denied,* 492 U.S. 918 (1989).

Consistent with § 636(b)(1) and Federal Rule 72(a), the Court reviews the record pertinent to Montez's objections to Magistrate Judge Farrer's Report and Recommendation.

**Background**

This case arises out of Plaintiff's alleged wrongful arrest on August 20, 2024, and an ensuing criminal prosecution. Plaintiff alleges that he was not afforded due process at many

---

[1] While Federal Rule 72(b) does not facially require any review in the absence of a specific objection, the advisory committee notes following its adoption in 1983 state: "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Further, failure to object shall also bar appellate review of those portions of the Magistrate Judge's Report and Recommendation that were ultimately accepted by the district court, unless the party demonstrates plain error. *Thomas v. Arn*, 474 U.S. 140, 150–53 (1985); *United States v. Wilson*, 864 F.2d at 1221.

intervals of his encounter with the San Antonio Police Department (SAPD), from the traffic stop that led to his arrest to his detention and current criminal proceedings in Bexar County District Court. Plaintiff names as Defendants the City of San Antonio, SAPD Chief William McManus, SAPD Officer Adam Lee (the arresting officer), Judge Celeste Ramirez (Bexar County Magistrate), Judge Christine Del Prado (the Bexar County District Judge presiding over his criminal proceedings), and Joe Stenberg (his appointed attorney).

Plaintiff states in his proposed Complaint there are ongoing criminal proceedings against him related to these events and provides the Court with a cause number, 2024CR010945. A public records search confirms that there is a pending criminal case in the 227th District Court of Bexar County before Judge Christine Del Prado against Plaintiff, in which Plaintiff is awaiting trial on felony charges. Plaintiff's proposed Complaint alleges constitutional violations by SAPD, Bexar County Judges, and the attorney appointed to represent him in his criminal case. By his lawsuit, Plaintiff asks this Court to dismiss his state criminal case, bar Judges Ramirez and Del Prado and Defendant Stenberg from the practice of law, permanently enjoin Defendants from retaliating against Defendant with further convictions, and award him $999,999.99 in compensatory damages from each Defendant.

### Report and Recommendation

Magistrate Judge Chestney recommends this case be dismissed under the Court's IFP review as frivolous because the *Younger* abstention doctrine applies to preclude this Court's consideration of Duran's requests for injunctive relief based upon constitutional challenges to the state criminal proceedings against him that are pending at the time of this federal action. See . Magistrate Judge Chestney found no exception to application of the Younger abstention Doctrine.

Magistrate Judge Chestney recommends dismissal of Duran's causes of action against Judges Ramirez and Del Prado under 28 U.S.C. § 1915(e) because these Judges are immune from suit for the acts taken in their judicial capacity under the doctrine of judicial immunity. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991).

Magistrate Judge Chestney recommends Duran's cause of action against his appointed attorney under § 1983 should also be dismissed because, as a private attorney, Mr. Stenberg is not subject to suit under section 1983. See Mills v. Crim. Dist. Ct. No. 3, 837 F.2d 677, 679 (5th Cir. 1988).

Magistrate Judge Chestney recommends Duran's Section 1983 causes of action against the City of San Antonio, SAPD Officer Adam Lee, and SAPD Chief William McManus should be stayed pending the resolution of Duran's criminal proceedings. See Heck v. Humphrey, 512 U.S. 477, 486–87 (1994). Further, Magistrate Judge Chestney recommends this case be administratively closed and this Court order Duran to file a motion to reopen this case within sixty (60) days after entry of judgment in the underlying state criminal case and warn him that his failure to do so may result in the dismissal of this case for failure to prosecute and for failure to comply with court orders under Federal Rule of Civil Procedure 41(b).

Finally, Magistrate Judge Chestney denied Duran's Motion for Appointment of Counsel based upon her findings that many of Duran's causes of action must be dismissed and the case be administratively closed pending resolution of state criminal proceedings against him.

### Objections and Analysis

Duran timely filed Objections to the Report and Recommendation. *ECF No. 8.*

Duran objects to the Report and Recommendation because: (1) his Proposed Complaint was just a "proposal" because "full allegations can cause unwanted consequences in the current

legal pending court proceedings. Plaintiff also believes in 'good faith' that including these additional complaints could also cause consequences involving 'Attorney Client Privileged information.'; (2) Magistrate Judge Chestney analyzed his cause of action as asserted against his previous court appointed attorney, Joe Stenberg; however, Mr. Stenberg withdrew following Duran's notices of intent to sue, and his current attorney is Adrian Perez; and (3) "the 'Report' does not fully entail all of the facts of the case or the full allegations regarding all defendants." Duran objects to Magistrate Judge Chestney's denial of his Motion for Appointment of Counsel. This Court will construe this objection as an appeal

These construed objections are not specific to any findings or conclusions with the Report and Recommendation, but instead, indicate Duran's dissatisfaction with the Recommendation, itself. *See id*. Consequently, this Court need not conduct a *de novo* review. *See Battle*, 834 F.2d at 421. Nevertheless, in the interest of caution, this Court conducted a *de novo* review of the record pertinent to the conclusions and findings within Magistrate Judge Chestney's Report and Recommendation and Duran's construed objections. Duran's objection that Magistrate Judge Chestney analyzed his cause of action against the wrong attorney is without merit because Duran named his court appointed attorney Joe Stenberg as a Defendant and stated his cause of action pertained to Joe Stenberg.

Upon review, this Court **ACCEPTS and ADOPTS** Magistrate Judge Chestney's Report and Recommendation in its entirety.

Based upon the Court's finding that Duran's causes of action against Judge Christine Del Prado, Judge Celeste Ramirez, and Joe Stenberg must be dismissed and the case administratively closed pending resolution of Duran's state criminal proceedings, the Court **AFFIRMS** Magistrate Judge Chestney's denial of the Motion for Appointment of Counsel.

**Conclusion**

For the reasons stated in Magistrate Judge Chestney's Report and Recommendation that are accepted and adopted by this Court, the Court **DISMISSES** Duran's causes of action for injunctive and declaratory relief and his claims for damages against Defendants Celeste Ramirez, Christine Del Prado, and Joe Stenberg pursuant to 28 U.S.C. § 1915(e). The Court **AFFIRMS** Magistrate Judge Chestney's denial of the Motion for Appointment of Counsel.

This Clerk of Court is **DIRECTED TO ADMINISTRATIVELY CLOSE** this case against the remaining Defendants SAPD, Chief McManus, and Officer Adams pending the resolution of Duran's state criminal proceedings.

Duran is **ORDERED** to file a motion to reopen this case within sixty (60) days after entry of judgment in the underlying state criminal case. Duran is cautioned that failure to do so may result in the dismissal of this case for failure to prosecute and for failure to comply with court orders under Federal Rule of Civil Procedure 41(b).

It is so ORDERED.
SIGNED this 9th day of February, 2026.

JASON PULLIAM
UNITED STATES DISTRICT JUDGE

6